Wash, J.
 

 We think his Honor erred in rejecting the evidence, offered by the plaintiffs, of the conveyance of the land by Curtis, Hyde and Tallmage, to the Gold Mining Company. The plaintiffs claimed as purchasers at a Sheriff’s sale, and, as such, were not entitled to the custody of the original deeds. It is a general rule, that a copy of a paper writing cannot be given in evidence, without accounting for the absence of the original, upon the general principle, that the best evidence the nature of the case admits of, and which is within the power of
 
 *523
 
 the party, shall always be produced. With respect to deeds conveying realty, as to the introduction of copies, the question always is, who is entitled to the custody of the originals. If the plaintiff is, he must produce them, or satisfactorily account for not so doing, before he can be let into secondary evidence. If he is not entitled to the custody, he may read a copy without giving any account of the original. In
 
 Buckhurst's
 
 case, 1 Rep. 1, many instances are given, where the title papers do not pass with the land. One of them is, when land is sold with general warranty, which bound the feoffer to render to the feoffee in value upon his eviction, the feoffee is not entitled to the custody of the deeds, because they are necessary to the feoffor in defending the title, and he must have the custody of them; and the feoffee may read copies. A purchaser at a Sheriff’s sale is only privy in estate with him, whose land is sold, and is not supposed to have the custody of the title deeds 5 he is, therefore, when called on to support the title of the defendant in the execution, at liberty to read copies instead of giving any account of the originals. This was expressly decided in this Court in the case Den on the demise of
 
 Nicholson
 
 against
 
 Hilliard,
 
 2 Murph. 270. The Court erred, therefore, in rejecting as evidence the copy of the deed from Curtis, Hyde and Tallmage. We concur with his Honor, that the defendant was entitled to notice to quit, before he could be made a tresspasser; and until he stood in that relation to the plaintiff, an action of ejectment could not be m aintained against him. If the case had stated that
 
 no notice in fact
 
 had been given to the defendant, we should not disturb the verdiet, because in that case the plaintiff could not recover. But it only states that there was
 
 no evidence of any notice.
 
 Now it may be, we cannot say it is not so, .that when the plaintiff’s evidence, as to the conveyance of the legal title to the company by Curtis, Hyde and Tallmage. was rejected, he considered his case at an end, (as it was on the count on the demise of Irwin & Elmes,) and that it was not necessary for him to go any further with it, and declined producing evidence of notice. We find this principle recognised by the court in the case of
 
 Jones
 
 v.
 
 *524
 

 Young,
 
 1st Dev. & Bat. 355. The court says, that although plaintiiT obtained a verdict against the defendant, notwithstanding the error committed by the Judge on the first point made in the case, yet as the opinion delivered may have prevented the defendant relying upon other evidence, we think it proper the case should be re-tried. We cannot say the error of the Judge, in rejecting the copy of the deed from Curtis, Hyde and Tallmadge, did not affect the rights of the parties on the question, on which the cause was decided — the want of notice.
 

 The judgment below is reversed and a
 
 venire de novo
 
 ordered.
 

 PeR Curiam, Judgment accordingly.